## IN THE UNITED STATES DISTRICT COURT,
## MIDDLE DISTRICT OF TENNESSEE

**GARY HINSON,**
      **Plaintiff**      ]

**Vs.**               ]         **CASE NO:  3:10-CV-213**

**R&L CARRIERS SHARED**  ]        **JUDGE  HAYNES**
**SVCS, LLC.**
      **Defendant**   ]        **MAGISTRATE**_____

## INITIAL CASE MANAGEMENT ORDER

In accordance with the provisions of Local Rule 16.01, Plaintiff submits this Initial Case Management Order.

I    ***Jurisdiction:***  This is an action under the U.S. Fair Labor Standards Act, 29 U.S.C. 201, et. seq; 29 U.S.C. 216(b) and 28 U.S.C. 1337.  Jurisdiction is conferred to this Court under  29 U.S.C. Sec. 201, 216 (b).  The amount in controversy exceeds $75,000.  There is true diversity of citizenship among the parties.  Plaintiffs contend that the court has jurisdiction of this case.  Jurisdiction is not disputed.

II.   **Parties' Theories of the case:**

1. ***Plaintiff's Theories Are As Follows:***    The plaintiff was formerly employed at the defendant's terminal  in Nashville, Tennessee. His supervisor's

title was "terminal manager." He was responsible for the terminal, supervising all employees, and all hiring and firing of employees. While the plaintiff was called an "operations manager," all similarly situated employees in his position were also called "operations manager." There were at least four employees employed by the defendant at the Nashville terminal who were called "operations manager." The plaintiff did not have supervisory or management authority. The person who made the management decisions was the terminal manager. Throughout his six-year career with the defendant, the plaintiff was paid a salary, although he worked sixty to eighty hours per week. The plaintiff was not paid for the overtime hours as prescribed by the Fair Labor Standards Act. Other "operations managers" were also required to work 20-40 hours per week in overtime, but were not paid for their overtime work.

The defendant's failure to pay the plaintiff overtime as required by law was both willful and intentional, and a violation of the Fair Labor Standards Act ("FLSA").

    2.    ***Defendants' Theories Are As Follows***:

Plaintiff was an administrative, executive and/or motor carrier exempt employee entitled to no overtime, much less liquidated damages under the FLSA.

**III.    Schedule of Pretrial Proceedings.**

A.    *Initial Disclosures and Staging of Discovery*: Each party shall serve on every other party the mandatory initial disclosures required of it by Fed. R. Civ. P. 26(a)(1) within thirty days from the date of the initial case management order.

B. *Meeting of counsel and parties to discuss settlement prospects:* Within 90 days from the date of the initial case management conference, counsel are required to have a face to face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in the litigation, a representative who has authority to settle shall attend this meeting on behalf of the party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the ADR procedures under the Local Rules would further assist the parties in resolving this matter.

**C.  *Other pretrial discovery matters***

As determined at the case management conference on Friday, April 30, 2010, this action is set for a jury trial on _June 21, 2011_. The estimated length of trial is four days.    The parties have resolved none of the issues in this action. The

unresolved issues are the Defendants' liability to the plaintiff for back pay and damages

under the Fair Labor Standards Act.

If the action is to be settled, the Law Clerk shall be notified by noon, _June 17, 2014_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the cost of summoning the jurors may be taxed to the parties, dependent upon circumstances.

A pretrial conference shall be held _June 6, 2014 at 3:00 M._. A proposed pretrial order shall be submitted at the pretrial conference.

No motions concerning discovery are to be filed until the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the magistrate.

The deadline for completion of all discovery shall be concluded by December 31, 2010.

No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face to face, in an effort to resolve the dispute and jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

Any motion to amend pleadings or join parties, including, but not limited to, motions to add plaintiffs or similarly situated individuals and/or seeking class certification, shall be filed no later than *July 29, 2010*

There shall be no stay of discovery pending disposition of any motions, except for good cause shown.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to _____*60*_____ such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court, shall govern.

All dispositive motions shall be filed by February 1, 2011. Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in MeganGregory@tnmd.uscourts.gov.

The deadline for responses to dispositive motions shall be March 1, 2011. Optional replies shall be due: March 15, 2011.

By the close of business on December 31, 2010, the plaintiff shall declare to the defendant (not file with the court) the identity of his expert witnesses and provide all information specified in Rule 26(a)(2)(B).

By the close of business on February 1, 2011, the defendant shall declare to the plaintiff (not file with the court) the identity of his expert witnesses and provide all information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on March 1, 2011. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions of expert witnesses.

Local Rule I 2 (c) 6 (c) related to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED.**

Joseph Haynes, Judge

4-30-10.